LARGÉ & ACEVEDO, Plaintiffs and Appellees, *v*. ANGELA M. FERNÁNDEZ-HOARD, Defendant and Appellant.

No. 4351.   Argued January 25, 1928.—Decided July 10, 1928.

*M. Acosta Velarde* for the appellant.   *Juan B. Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The firm of lawyers Largé & Acevedo filed three complaints in the District Court of San Juan against different persons to recover for professional services.   One was against Angela Margarita Fernández Hoard for $691.50; another was against the same person and her brother Jorge Clemente Fernández Hoard for $6,128.55, and the third was against Nicolas Iturregui for $932.   Some of the evidence was common to the three cases, but other independent evidence was introduced in each case.   The district court, however, disposed of the three actions in a single opinion, but rendered a separate judgment in each one of them.   The three judgments have been appealed from and the appeals were heard by this court on the same day.

This opinion refers to case No. 4351 of this court in the action against Angela Margarita Fernández Hoard.

The action in the case covered by this appeal was brought against the appellant, a married woman, for services rendered to her by the appellee firm in relation to her separate property.   The appellant demurred to the complaint and later withdrew the demurrer and answered, making certain admissions and denials and concluding by saying that she always had been disposed to pay the reasonable value of the services.

The basis of her first ground of appeal is that as she was a married woman when the services were rendered, her husband should have been joined with her as defendant.

According to section 161 of the Civil Code, the husband is the legal representative of the conjugal partnership and the wife may contract and appear in court in all cases referring to the defense of her own rights and property; and section 54 of the Code of Civil Procedure provides that when a married woman is a party her husband must be joined with her, except, among other cases, when the action concerns her separate property, in which case she may sue or be sued alone. Section 1314 of the Civil Code declares as separate property of either spouse, among others, that acquired by them during the marriage by gift, devise or descent; therefore, in view of those provisions and as it is a case of services rendered to the defendant in relation to her separate property, it was not necessary that her husband should be joined with her as defendant and consequently that assignment of error is without merit. The argument of the appellant to the effect that as the income from her separate property is community property, according to section 1316 of the Civil Code, her husband should be sued as the legal manager of the fruits or income, has no application to this action wherein the complaint makes no reference to the fruits or income, nor is the citation from *Capó* v. *Piñeiro*, 33 P.R.R. 832, applicable because in it the complaint referred to community property.

One of the items of the claim for services was $100 for settling a disagreement between the appellant and her brother, which was approved by the court and forms a part of the total amount of the judgment, and it is said by the appellant that the evidence did not make that fact clear.

It is shown by the evidence that by reason of a clause of the will of the father of the appellant in regard to the executors a disagreement arose between her and her brother, the other heir, about whether the executor should have been the

one first appointed, or the two jointly appointed, and also concerning the payment of the debts of the estate. These disagreements were settled by the appellee firm. Therefore, there is no justification for the second assignment of error.

The last ground of the appeal refers to the imposition of costs and attorney's fees on the basis that there was no temerity on the part of the appellant, as is shown by the fact that while the claim was for $691.50 the judgment is for only $286.50.

At the trial it was admitted by the defendant that two experts of the plaintiffs testified that the services rendered were worth the sum named in the complaint, and of the seven items making up the one under consideration the court only deducted $400 in one and $5 in another. The appellant in her answer to the complaint made no proposal to pay a fixed amount to the appellee and the case had to be tried; therefore, we can not hold that the mere fact that the court, in the use of its discretion, reduced some of the items of the claim shows absence of temerity on the part of the defendant to be considered in imposing the costs.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.